JUDGE v. FLOURNOY *et al.*

**Intoxicating Liquors**: UNLAWFUL SALE: LIABILITY OF PROPERTY-OWNERS: KNOWLEDGE AND CONSENT. In order to make saloon property liable for judgments based upon the unlawful sales of intoxicating liquors therein, it is sufficient to allege and prove knowledge by the owners of such property of such unlawful sales, without alleging and proving their consent. (Compare sec. 12, ch. 66, Laws of 1886).

*Appeal from Clinton District Court.*—HON. C. M. WATERMAN, Judge.

FILED, MARCH 10, 1888.

ACTION by a wife against the keeper of a saloon and the owners of the property wherein it was kept, to recover for sale of intoxicating liquors to her husband, causing his intoxication. While in that condition he fell in the street, and was so frozen that the amputation of one of his legs became necessary. A demurrer to the petition by defendants, who are the owners of the property in which the saloon was kept, was sustained. Plaintiff appeals.

*J. S. Darling*, for appellant.

*Walter I. Hays* and *A. L. Schuyler*, for appellees.

BECK, J.—I.  The petition alleges that the saloon was kept in the property with the knowledge of the owners thereof, who are made defendants.  The demurrer is upon the ground that the petition does not allege that the sale of liquors upon which the action is based was with the consent and knowledge of the defendants, who are the owners of the property.  In our opinion, it was erroneously sustained.

II.  Code, section 1558, provided that judgments in actions of this character could be enforced against property used for the unlawful sale of intoxicating liquors "with the consent and knowledge of the owner."  This section was repealed by chapter sixty-six, section twelve, Acts Twenty-first General Assembly, and another provision enacted in lieu thereof, making the property wherein intoxicating liquors are unlawfully sold liable, if it be occupied and used for such purpose "with the knowledge of the owner thereof."  Under the former statute, this court, following its very language, held that to fix the liability of the property it must be used for the unlawful purpose with the consent and knowledge of the owner.  Under the statute now in force, consent of the owner need not be averred in stating the liability, nor shown in proving it, for the very reason that it is not so written in the statute.  Following the language of this statute, we hold that the petition stated a cause of action.  The lessor of property, when it is appropriated by the tenant to unlawful purposes, may cancel the lease and oust the tenant.  If he does not exercise this power, as a good citizen ought, he assents to the violation of law by his tenant, and cannot, therefore, complain when his property is held liable for the penalty of damages incurred.  *Martin v. Blattner*, 68 Iowa, 286.

III.  Counsel for defendants argue that the intention of the legislature in this regard was the same as is expressed in the language of the former enactment.  Their argument urges a construction based upon a supposed intention, which is in conflict with the plain lan-

guage of the enactment. Such a construction courts will never adopt; but we confess that the supposed intention, even were it not in conflict with the language of the statute, too dimly appears to guide to the conclusion that it was in the mind of the law-makers. It is our conclusion that the decision of the district court sustaining the demurrer is erroneous. It must, therefore, be

REVERSED.